PER CURIAM.
|;Denied. Relator fails to satisfy, the post-conviction burden of proof that he did not knowingly and intelligently waive his right to a jury trial. See La.C,Cr.P. art. 930.2; La.C.Cr.P. art. 780; State v. Kahey, 436 So.2d 475 (La.1983). The interests of justice do not require reconsideration of the remaining claims, which were rejected on direct review. La.C.Cr.P. art. 930.4(A).
Relator has now fully litigated his application for post-conviction relief in, state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of, a second or successive application only under the narrow circumstances provided' in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P, art. 930.8. Notably, -the Legislature in 2013 La. Acts -251 amended that article to make the procedural bars ■ against successive, fil-mgs mandatory. Relator’s claims, have now , been fully litigated in accord with La.C,Cr.P. art. 930.6, and this denial is final. . Hereafter, unless he can show that one of the .narrow exceptions authorizing the filing-of a successive application applies, relator has exhausted his right to state collateral review.' The District Court is ordered to record a minute entry consistent with this per curiam.